
DA 12-0538

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 163N

IN RE THE PARENTING OF J.J.H.,
Minor Child,

MICHAELRYAN K. HALPIN,

      Petitioner and Appellee,

   v.

LE'DAWN M. MICHAELS,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 07-0442
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          J. David Arthur, Attorney at Law; Billings, Montana

    For Appellee:

          Fred Snodgrass; Snodgrass, Copenhaver, & Yasenak, PLLC;
Billings, Montana

                  Submitted on Briefs:  May 1, 2013

                            Decided:   June 18, 2013

Filed:

                    _____
                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by noncitable opinion and does not serve as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Le'Dawn Michels[1] appeals the District Court's August 16, 2012 Order Amending Parenting Plan. She raises two issues: first, that the District Court *sua sponte* changed the minor child's custody without a request from either parent; and second, that the court abused its discretion by failing to make any determinations regarding the best interest of the child as required by § 40-4-219, MCA. We affirm.

¶3 Appellant (Mother) and Appellee Michaelryan Halpin (Father) are the parents of one child, J.H., who was born in December 2006. A parenting plan was established for J.H. in September 2007, following a hearing at which Mother did not appear. The final parenting plan designated Father as the primary residential custodian, with Mother to have weekly overnight visitations and alternating weekends. Once the child reached kindergarten age, he was to continue to reside primarily with Father, with Mother to have alternating weekends. Mother moved to vacate the order adopting the parenting plan because she had not received notice of the hearing. Thereafter, the parties reached a stipulated final parenting plan, which was filed on January 18, 2008, but not signed as an

---

[1] The spelling of the Appellant's name has been changed to accord with the District Court records, including her testimony and sworn affidavit.

order of the court. The stipulated plan provided that J.H. would reside primarily with Father at his residence and Mother would have overnight parenting time on Tuesdays and Thursdays, alternating weekends, and on weekdays during the day while Father was at work. The stipulated parenting plan also provided that J.H. would be enrolled at the same school as his older brother D.H., who is not Halpin's child.

¶4 On July 16, 2012, Father filed a motion to amend the parenting plan. The proposed plan he submitted to the court and served on Mother called for J.H. to reside with Father except on alternating weekends and on Tuesday and Thursday nights, when Mother would have J.H. overnight until 7:30 the following morning when she dropped him off at Father's for school. In his supporting affidavit, Father requested that the schooling option be changed so that J.H. would attend school near Father's home, his primary residence, since the older brother had been moved to a school several miles from the residence of either parent. Father also requested that the parenting plan be altered to make each parent responsible for child care requirements during that parent's periods of custody as the parties had had difficulties facilitating arrangements for J.H. when both parents work.

¶5 The District Court set the matter for hearing on August 10, 2012. Mother filed objections to Father's proposed amended parenting plan and a motion to continue the hearing, which was denied so that the matter could be decided prior to the start of the school year. Both parties filed additional materials and, after Mother's second request, the hearing was continued until August 14, 2012. The parties both appeared at that time,

Mother with counsel and Father pro se, and the court heard testimony from each, along with Terry Halpin, Father's mother. Mother testified that her work schedule recently had changed, and she worked 9 a.m. to 6 p.m. daily, with Sundays and one other day each week off, the schedule being set the week before. The court heard considerable testimony from both parties concerning their views of the school situation and each parent's reasons for wanting J.H. to attend a particular school.

¶6 At the conclusion of the hearing, the District Court issued its ruling from the bench, followed two days later by its written Order Amending Parenting Plan. The court determined that it was in J.H.'s best interests to attend school near his primary residence and that attending Sandstone Elementary—the school preferred by Father—would require less travel, whereas attending Orchard Elementary—the school preferred by Mother—would require the child to be up earlier every day, in the car traveling, and attending school away from friends in his neighborhood. The court found no credible evidence that Sandstone could not provide at least as good an education for J.H. as Orchard, and found Mother's testimony to the court "less than candid." Mother appeals.

¶7 We review for clear error the findings of fact underlying a district court's decision to modify a parenting plan. *In re Klatt*, 2013 MT 17, ¶ 12, 368 Mont. 290, 294 P.3d 391. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *In re Marriage of Frick*, 2011 MT 41, ¶ 17, 359 Mont. 296, 249 P.3d 67. "[T]he trial court's decision is to be accorded great deference

because it 'is in a better position than this Court to resolve child custody issues.'" *In re Klatt*, ¶ 13 (quoting *In re Marriage of Wilson*, 2009 MT 203, ¶ 15, 351 Mont. 204, 210 P.3d 170).

¶8 Mother contends that the testimony at the hearing focused exclusively on the issue of where the minor child would attend school and that, with no argument about changing the parenting schedule or what was in the child's best interests, the court violated her due process rights by making changes in custody that neither party requested. She further argues that the court abused its discretion by failing to make findings required by §§ 40-4-212 and 40-4-219, MCA, concerning the child's best interests. The record demonstrates, however, that the District Court did not change J.H.'s primary residential parent; Father was designated the parent with whom the child primarily would reside both in the September 2007 parenting plan and in the January 2008 stipulated parenting plan.

¶9 Father's request for an amendment of the parenting plan sought a change in the daytime childcare arrangements and an order that the school-year residential schedule provide that the child reside primarily with Father and that the child spend every other weekend and two nights a week with Mother. Father also represented that he was open to working out other visitation with Mother to accommodate her work schedule. At the hearing, Mother's counsel expressly acknowledged, in response to the court's question, that where J.H. would attend school was "not the only issue" before the court. Mother had notice of the proposed amendment and an opportunity to advocate her position to the

5

court. The court rejected her counsel's request for additional time to develop an alternative proposed parenting plan because of its concern that action needed to be taken quickly so the child's kindergarten enrollment would not be delayed. This was not an abuse of the court's discretion. Although the court's final order did not adopt Father's proposed parenting plan verbatim, if its findings are not clearly erroneous, "we will reverse the district court's decision only where an abuse of discretion is clearly demonstrated." *In re Klatt*, ¶ 12 (quoting *Jacobsen v. Thomas*, 2006 MT 212, ¶ 13, 333 Mont. 323, 142 P.3d 859). The District Court did not abuse its discretion by declining to adopt a proposal that would have the child shuffling between the parents' homes twice a week during the school year. The court did not disturb Father's proposed schedule as it applied to the summer months.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and its August 16, 2012 order is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

6